*E-FILED - 11/10/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES JOHNSON, | ) | No. C 09-0052 RMW (PR) |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) | |
| WARDEN A. HEDGPETH, | ) | (Docket No. 7) |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court ordered respondent to show cause why the amended petition should not be granted.  On July 16, 2009, respondent filed a motion to dismiss the petition as untimely.  Petitioner has not filed an opposition.  Based upon the papers submitted, the court concludes that the petition is untimely, GRANTS respondent's motion, and DISMISSES this action.

**BACKGROUND**

In 1985, a jury in the Superior Court of Santa Clara County found petitioner guilty of three counts of rape and two counts of oral copulation.  (Amended Petition at 4.)  On July 17, 1985, the trial court sentenced petitioner to fifty-nine years in state prison.  (Id.)

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.09\Johnson052mtdtime.wpd

In 1986, the California Court of Appeal affirmed the judgment.[1] (Mot., Ex. 1.) Petitioner did not file a petition for review in the California Supreme Court. (Id.) Petitioner began filing state habeas petitions in superior court in 2004, challenging his sentence based on Blakely v. Washington, 542 U.S. 296 (2004). (Amended Petition, App. C, Ex. 1.) On May 3, 2007, petitioner filed a state habeas petition in the California Court of Appeal, which denied it without prejudice to re-filing in the superior court. (Mot., Ex. 2.) On July 16, 2007, the superior court denied a fourth state habeas petition challenging petitioner's sentence. (Amended Petition, App. C, Ex. 1.) On September 12, 2007, petitioner filed a habeas petition in the California Supreme Court, which denied the petition on February 27, 2008. (Mot., Ex. 3.) Petitioner filed an original federal habeas petition on January 7, 2009. Petitioner then filed the instant amended petition on March 16, 2009.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[2]

Here, petitioner's conviction became final when the time to file a petition for review in California Supreme Court expired, that is, in 1986. See Cal. R. Ct. 8.264(b)(1), 8.500(c). However, the AEDPA's one-year time limit did not begin to run against any state prisoner before the date of the its enactment. Calderon v. United States District Court (Beeler), 128 F.3d 1283,

---

[1] Although petitioner asserts that his direct appeal concluded in 2008, respondent provides a document from the California Courts website showing that petitioner's direct appeal actually concluded in 1986. (Mot., Ex. 1.)

[2] In rare instances the limitation period may run from a date later than the date on which the judgment became final. See 28 U.S.C. §§ 2244(d)(1)(B)-(D). Except to the extent discussed below, there is no argument, or any apparent basis, for applying 28 U.S.C. §§ 2254(d)(1)(B)-(D) to the instant case.

1287 (9th Cir. 1997).  A prisoner with a state conviction finalized before April 24, 1996, as petitioner, therefore had until April 24, 1997, to file a federal habeas petition on time.  <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).  The instant petition was not filed until January 7, 2009, well over eleven years later.  Thus, absent tolling the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  <u>Dictado v. Ducharme</u>, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)).  Here, petitioner's first state habeas petition was filed sometime in 2004, approximately six years after the limitations period expired.  A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period.  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Accordingly, the instant petition is not rendered timely by tolling under 28 U.S.C. § 2244(d)(2) and this action is untimely.

Petitioner does not argue, but the court nevertheless notes, that the commencement of the limitation period was not delayed in this case under 28 U.S.C. § 2244(d)(1)(C).  Under that section, the commencement of the limitation period can be delayed until the date on which "the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).  Petitioner's claims rely upon United States Supreme Court's decisions, namely <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and relatedly, <u>Cunningham v. California</u>, 549 U.S. 270 (2007).  However, because <u>Blakely</u> was decided after petitioner's conviction became final, and is not retroactive, <u>see</u> <u>Schardt v. Payne</u>, 414 F.3d 1025, 1037 (9th Cir. 2005), 28 U.S.C. § 2244(d)(1)(C) is inapplicable to this case.

Further, although equitable tolling may be available in limited cases, there is no argument or indication that petitioner is entitled to equitable tolling in this case.  As the instant petition was filed after the limitations period expired, the instant petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

1
2
3
4
5
6
7
...
28

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely (docket no. 7) is GRANTED. The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1). The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: 11/6/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.09\Johnson052mtdtime.wpd     4